UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT H. WALTER, JR., | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 4:14-CV-00057-JAR |
| THE CITY OF ST. PETERS, MISSOURI, JEFF FINKELSTEIN, and JEFF HUTSLER, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants City of St. Peters, Missouri ("St. Peters"), Jeff Finkelstein ("Finkelstein"), and Jeff Hutsler's ("Hutsler") (collectively "Defendants") Joint Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (ECF No. 33). The motion is fully briefed and ready for disposition. For the following reasons, Defendants' Motion will be **DENIED**.

### I. Standard of Review

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (*citing Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint attacked by a Rule 12(b)(6) motion to

1

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Background

Plaintiff Robert H. Walter, Jr. alleges the following facts in his Fourth Amended Petition for Damages ("Fourth Amended Petition"), which the Court construes in the light most favorable to him. (ECF No. 22). Defendant Finkelstein was employed by St. Peters as a Major of its Police Department. (Fourth Amended Petition, ¶12). Defendant Hutsler was employed by St. Peters as Manager of the St. Peters Parks and Recreation Department. (Fourth Amended Petition, ¶13). Finkelstein and Hutsler are both sued in their individual and official capacities. (Fourth Amended Petition, ¶¶12-13).

Plaintiff was employed by City of Wentzville as a patrolman with its police department from July 2000 through November 2012. (Fourth Amended Petition, ¶14). Plaintiff was involved in the police union, including the position of shop steward. (Fourth Amended Petition, ¶14). In October 2012, Plaintiff sought employment as a Park Ranger with St. Peters. (Fourth Amended Petition, ¶15). Lee Smith, a Lieutenant for St. Peters' Ranger Enforcement Division, was responsible for hiring for the Park Ranger position. (Fourth Amended Petition, ¶¶16-17).

On December 10, 2012, Plaintiff passed the written examination and the physical examination for the St. Peters Park Ranger position. (Fourth Amended Petition, ¶¶19-20). On December 13, 2012, Plaintiff completed his oral interview for the St. Peters Park Ranger position. (Fourth Amended Petition, ¶22). On December 17, 2012, Plaintiff completed his integrity interview. (Fourth Amended Petition, ¶24). On December 21, 2013, Mr. Smith called Plaintiff and scheduled his polygraph for January 3, 2013. (Fourth Amended Petition, ¶¶25-26).

The polygraph would have been the final step of the hiring process for the St. Peters Park Ranger position. (Fourth Amended Petition, ¶25). As of December 21, 2013, Plaintiff understood that he was the only applicant under consideration for the St. Peters Park Ranger position and that he would be hired upon completion of the polygraph test and the drug screening test. (Fourth Amended Petition, ¶27).

Plaintiff alleges that sometime between December 21, 2012 and December 26, 2012, Finkelstein and Hutsler, pursuant to a St. Peters' policy, decided to undermine Plaintiff's application for the St. Peters Park Ranger position. (Fourth Amended Petition, ¶¶30, 38). Finkelstein, without being asked by anyone in the St. Peters Park Department, contacted and told Hutsler not to hire Plaintiff because of his union activities while working for Wentzville. (Fourth Amended Petition, ¶31). Hutsler then ordered Rick Oloteo ("Oloteo"), Chief of the Ranger Department, to stop the hiring process and allegedly told Smith, "he did not want an employee like him (Plaintiff) due to his union association." (Fourth Amended Petition, ¶33). On December 26, 2013, Oloteo told Jeremy Gill, an officer with the St. Peters Park Rangers who had received a Plaintiff's background check packet, to return the packet and not to do a background check. (Fourth Amended Petition, ¶¶28-29).

On January 2, 2013, the St. Peters Human Resources Department called Plaintiff and told him that his polygraph test was cancelled and he was no longer in contention for the St. Peters Park Ranger position. (Fourth Amended Petition, ¶35).

In his Fourth Amended Petition, Plaintiff brings two causes of action: a claim pursuant to 42 U.S.C. § 1983 for retaliation for the exercise of his First Amendment rights against St. Peters, Finkelstein, and Hutsler (Count I) and a state law claim for tortious interference with a business expectancy against Finkelstein (Count II).

3

On August 25, 2014, Defendants filed a Joint Motion to Dismiss addressing only Count I. Specifically, Defendants assert that Plaintiff fails to state a claim pursuant to section 1983 against St. Peters for retaliation because the Petition does not identify any custom or policy that caused Plaintiff's alleged injury. Defendants also argue that Plaintiff's retaliation claims against Finkelstein, and Hutsler should be dismissed because Plaintiff fails to sufficiently allege the causal connection between the alleged protected activity and the alleged adverse employment action.

Plaintiff responded asserting that he has sufficiently alleged a policy by St. Peters that violated his constitutional and/or statutory rights. Plaintiff argues that the Defendants retaliated against him for his union activities and the retaliation was pursuant to a union retaliation policy of St. Peters. Plaintiff asserts that while there was no written policy in place, "none the less, St. Peters has such a policy." (ECF No. 37 at 3). In support of his assertion, Plaintiff directs the Court to Finkelstein's and Hutsler's Statements. (Fourth Amended Petition, ¶¶31, 33). Plaintiff also argues that he sufficiently alleged that Hutsler or Finkelstein had final decisionmaking authority because a reasonable inference is that either Hutsler or Finkelstein had final decisionmaking authority for Hutsler to have been able to terminate the hiring process.

In their reply, Defendants assert that the petition fails to allege Finkelstein or Hutsler had any policy-making authority and therefore the claim against St. Peters should be dismissed. Defendants further argue that the claims against Finkelstein and Hutsler should also be dismissed because Plaintiff has failed to sufficiently allege that they were the final decisionmakers regarding the hiring process.

### III. Analysis

In Count I, Plaintiff purports to state a First Amendment adverse employment claim under §1983 against St. Peters, Finkelstein, and Hutsler. "To establish a prima facie case of retaliation, a plaintiff must allege and prove that: (1) she engaged in activity protected by the First Amendment; (2) the defendant took an adverse employment action against her; and (3) the protected conduct was a substantial or motivating factor in the defendant's decision to take the adverse employment action." *Davison v. City of Minneapolis, Minn*, 490 F.3d 648, 654-55 (8th Cir. 2007)(*citing Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 287 (1977)). "If the plaintiff meets this burden, the burden shifts to the defendant to demonstrate that the same employment action would have been taken in the absence of the protected activity." *Davison*, 490 F.3d at 655 (*citing Mt. Healthy*, 429 U.S. at 287).

#### A. City of St. Peters

Defendant St. Peters asserts that Plaintiff fails to state a claim pursuant to section 1983 against it for retaliation because the Petition does not identify any custom or policy that caused Plaintiff's alleged injury.

In general, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents" on a *respondeat superior* theory of liability. *Monnell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff seeking to impose liability on a government entity under § 1983 must identify a "policy" or "custom" of the entity that caused the violation of the plaintiff's constitutional rights. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). "The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability

5

and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* at 404.

Reading the Fourth Amended Petition as a whole and making reasonable inferences from the facts alleged, the Court finds that Plaintiff has sufficiently alleged a St. Peters' policy caused the violation of his First Amendment Rights. Plaintiff alleges in his Fourth Amended Petition that Finkelstein and Hutsler retaliated against Plaintiff for his exercise of his free speech and the right to peacefully assemble pursuant to a policy of St. Peters. (Fourth Amended Petition, ¶38). A reasonable inference, in the light most favorable to the Plaintiff, is that Finkelstein and Hutsler made their statements regarding the undesirable nature of Plaintiff's union activity as a result of an unwritten retaliatory, anti-union St. Peters' policy. Plaintiff further asserts that as a result of these statements, made pursuant to a St. Peters' policy, he was not hired for a job with St. Peters.

### B. Finkelstein and Hutsler

Defendants next argue that Plaintiff's retaliation claims against Finkelstein and Hutsler should be dismissed because Plaintiff failed to sufficiently allege the causal connection between the alleged protected activity and the alleged adverse employment action. Defendants also assert that the claims against Finkelstein and Hutsler should be dismissed because Plaintiff has failed to sufficiently allege that they were the final decisionmakers regarding the hiring process.

First, the Court finds that Plaintiff has sufficiently alleged a causal connection between the alleged protected activity and the alleged adverse employment action. Plaintiff alleges that he was not hired as a St. Peters Park Ranger as a result of Finkelstein's and Hutsler's statements regarding his union involvement, a protected activity, during the employment process. Specifically, Plaintiff alleges that "Finkelstein . . . told Hutsler not to hire Plaintiff because of Plaintiff's union activities while at the City of Wentzville" and that "Hutsler also told Smith 'he

did not want an employee like him (Plaintiff) due to his union association.' " (Fourth Amended Petition, ¶¶31, 33). Furthermore, Plaintiff alleges that Hutsler ordered Oloteo to stop the hiring process and Oloteo told Gill to return Plaintiff's background check packet. (Fourth Amended Petition, ¶29, 33). Finally, Plaintiff alleges that this string of events occurred sometime between December 21st and December 26th. (Fourth Amended Petition, ¶30). A reasonable inference therefore is that the statements regarding Plaintiff's union activities caused the adverse employment action, specifically that Plaintiff was not hired for the Ranger position.

Next, the Court finds that Plaintiff has sufficiently alleged that Finkelstein and Hutsler were final decisionmakers regarding the hiring process. Plaintiff alleges that Finkelstein, a Major in the St. Peters' Police Department, told Hutsler, the Manager of the St. Peters Parks and Recreation Department, not to hire Plaintiff because of his union activities. (Fourth Amended Petition, ¶31). Plaintiff further alleges that Hutsler then told Oloteo, Chief of the Ranger Department, to stop the hiring process, and Smith, the individual responsible for conducting the hiring process that "he did not want an employee like him (Plaintiff) due to his union association." (Fourth Amended Petition, ¶33). Plaintiff also alleges that the hiring process was discontinued and he was later informed that he was no longer being considered for the position. (Fourth Amended Petition, ¶¶29, 35). A reasonable inference based on these alleged facts is that either of both Finkelstein and Hutsler had decisionmaking authority to terminate the hiring process.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants City of St. Peters, Missouri, Jeff Finkelstein, and Jeff Hutsler's Joint Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (ECF No. 33) is **DENIED.**

Dated this 23rd day of December, 2014.

                                                 JOHN A. ROSS
                                                 UNITED STATES DISTRICT JUDGE